UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL RUSSELL,

          Plaintiff,                   Case No. 1:23-cv-377

v.                                        Honorable Sally J. Berens

MICHAEL BURGESS et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Warden Michael Burgess, Assistant Deputy Warden Shane O'Brien, Assistant Residential Unit Manager Patrick Miseta, and Head of Visiting and Phone Conferences Sue Norton. Plaintiff indicates that he is suing all Defendants in both their official and personal capacities. (ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that his attorney made "[n]umerous attempts" over the "course of months" to set up a telephone conference with Plaintiff so that they could "put together a proper defense for appeal." (*Id.*, PageID.3.) Plaintiff received notice of these attempts from his attorney on October 1, 2022. (*Id.*) Plaintiff contends that Defendants O'Brien and Norton "were contacted, but refused to respond, or act, to all attempts made by [Plaintiff's] attorney, Mary A. Owens, to get in contact with [Plaintiff]." (*Id.*) Plaintiff asserts that Defendant Norton is responsible for setting up phone conferences. (*Id.*) Plaintiff's attorney contacted Defendant Burgess on October 12, 2022, but according to Plaintiff, Defendant Burgess "ignored the many attempts by counsel asking for his assistance in the matter to set up the telephone conference." (*Id.*) Plaintiff alleges further that Defendant Miseta refused to contact "any of the defendants to rectify this situation, knowing he is the only liaison between [Plaintiff] and those administrators." (*Id.*) According to Plaintiff, he was only able to speak with his attorney and prepare for his case on "the day [he] was transported to court, in a courthouse holding cell for 15 to 20 minutes." (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his First and Sixth Amendment rights. (*Id.*) He seeks $1,500.00 in nominal damages, as well as $3,000.00 in punitive damages. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

As noted above, Plaintiff sues all Defendants in both their official and personal capacities. (ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment

immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks only monetary damages. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). For that reason alone, Plaintiff's official capacity claims will be dismissed.

### B. Personal Capacity Claims

#### 1. First Amendment

##### a. Access to the Courts

Plaintiff appears to assert that his First Amendment right to access the courts was violated because Defendants impeded his ability to "consult with [his] attorney on pending legal matters." (ECF No. 1, PageID.3.)

It is well established that prisoners have a First Amendment constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead facts that would plausibly suggest that the actions of the defendants have hindered, or are presently hindering, Plaintiff's efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Therefore, a plaintiff must plead facts that would demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded in a manner "sufficient to give fair notice to a defendant." *Id.* at 415–16. The predicate claim must "be

7

described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope," and "the remedy sought must itself be identified" and not otherwise available in a lawsuit that has not yet been brought. *Id.*; *see also Clark v. Johnston*, 413 F. App'x 804, 816 (6th Cir. 2011).

Here, Plaintiff vaguely mentions that his inability to have a phone conference with his attorney impeded their ability to "put together a proper defense for appeal." (ECF No. 1, PageID.3.) He suggests that Defendants caused him to "suffer[] a denial which could have been avoided had [Plaintiff and his attorney] been given the proper time to prepare, which was only the day [Plaintiff] was transported to court, in a courthouse holding cell for 15 to 20 minutes." (*Id.*) Plaintiff's complaint, however, is devoid of facts regarding how he was unable to properly litigate his appeal. Moreover, Plaintiff fails to describe that he suffered any actual injury because he did not have adequate time to speak to his attorney. *See Christopher*, 536 U.S. at 415–16. Indeed, Plaintiff's complaint contains no allegations suggesting that in the absence of more assistance from Plaintiff, counsel was unable to properly pursue the appeal. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (noting that once counsel is appointed, the state has fulfilled the constitutional obligation to provide access to the courts). Plaintiff's First Amendment access to the courts claims against Defendants will, therefore, be dismissed.

    **b.**  **Retaliation**

Plaintiff also suggests that Defendants' refusal to schedule a phone conference was retaliatory, in violation of Plaintiff's First Amendment rights, because of "grievances [Plaintiff] wrote previously." (ECF No. 1, PageID.3.) Plaintiff states that "[t]his was told to [him] verbally by [Defendant] Miseta, who recklessly remained indifferent along with said defendants in their tactics that caused irreparable harm to []his case." (*Id.*)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X,* 175 F.3d at 394. In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Even assuming that Plaintiff has satisfied the first two elements of a retaliation claim, Plaintiff has provided the Court with no facts to suggest plausibly that Defendants' failure to schedule a phone conference for Plaintiff and his attorney was motivated in some way by Plaintiff's protected conduct. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are

9

allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Here, Plaintiff merely alleges the ultimate fact of retaliation in this action. Although Plaintiff states that the fact of retaliation was "told to [him] verbally by [Defendant] Miseta," he alleges no *facts* from which the Court could infer that Defendants Burgess, O'Brien, and Norton failed to set up a phone conference for Plaintiff with his attorney because of Plaintiff's past grievances. Plaintiff's speculative allegations fail to state a First Amendment retaliation claim against any named Defendant, and such claims will be dismissed.

### 2. Sixth Amendment

Plaintiff also contends that Defendants' actions violated his Sixth Amendment rights because Defendants "caused an unreasonable interference with [Plaintiff's] ability to consult with [his] attorney." (ECF No. 1, PageID.3.)

The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The Sixth Amendment right to the assistance of counsel applies only to criminal prosecutions and "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Although a plaintiff may state a Section 1983 claim for interference with the right to confer with counsel as guaranteed by the Sixth Amendment, *see Weatherford v. Bursey*, 429 U.S. 545 (1977), here, Plaintiff has failed to allege facts to support such a claim. Plaintiff vaguely alleges that he was unable to communicate with attorney Mary Owens in 2022 regarding "a proper defense

10

for appeal." (ECF No. 1, PageID.3.) The MDOC's Offender Tracking Information System (OTIS) indicates, however, that Plaintiff is serving sentences imposed by the Wayne County Circuit Court in 2010. *See* OTIS, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=491124 (last visited May 23, 2023). The Michigan Court of Appeals affirmed Plaintiff's convictions and sentences in 2011, *see People v. Russell*, No. 300211, 2011 WL 6187070, at *1 (Mich. Ct. App. Dec. 13, 2011), and the Michigan Supreme Court denied Plaintiff's application for leave to appeal on May 21, 2012, *see People v. Russell*, 812 N.W.2d 747 (Mich. 2012). Petitioner subsequently filed motions for relief from judgment, but those were denied by the trial court in 2013 and 2016. *See* Register of Actions, Case No. 09-026244-01-FC, https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," select "Search By Defendant," type "Russell" for "Last Name" and "Michael" for "First Name," select "Search," then select the link for Case No. 09-026244-01-FC) (last visited May 23, 2023).

      Given that Plaintiff's convictions and sentences became final years ago, he has not alleged that attorney Mary Owens was acting within the Sixth Amendment's guarantee with respect to those proceedings. Moreover, public records do not indicate that Owens represented Plaintiff at all during those proceedings. While it is possible that a Sixth Amendment relationship between Plaintiff and Owens could arise from a criminal prosecution for an offense that Plaintiff committed while incarcerated, Plaintiff's complaint contains no facts suggesting that is the case. Likewise, it is highly unlikely that any such conviction would be "on appeal" and not reflected on the MDOC's OTIS page for Plaintiff. Because Plaintiff has failed to allege that attorney Owens was acting within the capacity protected by the Sixth Amendment, the Court will dismiss Plaintiff's Sixth Amendment claims against Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  May 30, 2023                       /s/ Sally J. Berens
                                           Sally J. Berens
                                           United States Magistrate Judge